IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AMBER TALLEY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-70 |
| | § | |
| **MIDLAND MORTGAGE,** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a) and 1441, Defendant MidFirst Bank, incorrectly named as Midland Mortgage ("MidFirst" or "Defendant") removes this action from the 240th Judicial District Court of Fort Bend County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof would show unto the Court the following:

### I.  STATE COURT ACTION

1. On December 29, 2022, Plaintiff Amber Talley ("Plaintiff") filed her Original Petition, Application for Injunctive Relief, and Request for Disclosures (the "Complaint"), *Amber Talley v. Midland Mortgage*; Cause No. 22-DCV-299930, in the 240th Judicial District Court, Fort Bend County, Texas.

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 240th Judicial District Court, Fort Bend County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiff seek damages, attorneys' fees, exemplary damages and declaratory judgment, and allege causes of action for declaratory judgment, breach

of contract, common law fraud, violations of the Texas Debt Collection Act, and breach of fiduciary duty.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 240th Judicial District Court, Fort Bend County, Texas and obtained by Defendant are attached hereto.

5. In support of this removal and as required by Local Rule 81, please find attached as follows:

**Exhibit A:** Index of Matters Being Filed;

**Exhibit B:** Civil Cover Sheet;

**Exhibit C:** State Court Civil Docket Sheet;

**Exhibit D:** State Court File;

**Exhibit E:** A list of all counsel of record, including addresses, telephone numbers and parties represented; and

**Exhibit F:** Fort Bend County Appraisal District Property Valuation.

## II. TIMELINE FOR NOTICE OF REMOVAL

6. Defendant has not been served with process in this cause. Less than thirty (30) days have passed since Defendant received unofficial notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7. The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

   **a. Diversity of Citizenship**

8. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in

controversy exceeds $75,000.00, an action may be removed to federal court.

9. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

10. Based upon Plaintiff's Complaint, Plaintiff is a citizen of Fort Bend County, Texas.

11. MidFirst is a federally chartered savings association. As such, MidFirst's citizenship is determined by the location of its main office as set forth in its articles of association. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). MidFirst's main office is located in Oklahoma. Thus, MidFirst is a citizen of Oklahoma.

12. Plaintiff is a citizen of the State of Texas and Defendant MidFirst is a citizen of Oklahoma, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. *See* 28 U.S.C. §1332(a)(1).

    **b.**    **Amount in Controversy Exceeds $75,000**

13. Although Plaintiff's Complaint does not specifically allege the amount in controversy, it is clear from review of the Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

14. The Complaint seeks injunctive relief, and damages and title related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the

right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D.Tex.2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

15.     The most recent tax appraisal for the Property set the market value of the Property at $327,600.[1] This alone satisfies the $75,000 requirement. *See Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiff's Complaint that the amount in controversy more likely than not exceeds $75,000.

## IV.     VENUE

16.     Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Houston Division, because this district and division includes Fort Bend County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

## V.     CONCLUSION

---

[1] *See* Exhibit F – Fort Bend County Appraisal District valuation for the Property.

WHEREFORE Defendant MidFirst Bank removes this action from the 240th Judicial District Court, Fort Bend County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By: /s/ *Shelley L. Hopkins*
Shelley L. Hopkins – *Attorney In Charge*
State Bar No. 24036497
SD ID No. 926469
HOPKINS LAW, PLLC
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
SD ID No. 2647781
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
RobertFO@bdfgroup.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

Erick DeLaRue
Law Office of Erick DeLaRue, PLLC
2800 Post Oak Boulevard, Suite 4100
Houston, Texas 77056
erick.delarue@delaruelaw.com

**ATTORNEY FOR PLAINTIFFS**

                                           */s/ Shelley L. Hopkins*
                                           Shelley L. Hopkins